**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

FELICIA CHRISTIAN, Individually and as
Administratrix of the Estate of JALIN
TERRELL LAWSON; and JULLIA
ALEXANDRIA MORRIS, Individually,

      Plaintiffs,

v.

FORD MOTOR COMPANY,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 4:22-CV-00062-CDL

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS**

---

COMES NOW, Defendant Ford Motor Company ("Ford"), and for the reasons that follow, moves the Court to dismiss the above-styled and numbered action under Fed. R. Civ. P. 12(b)(6) and 12(b)(3), failure to state a claim upon which relief can be granted and judgment on the pleadings and improper venue.

## <u>INTRODUCTION</u>

This product liability action arises out of a May 14, 2017, automobile accident.  It is the second such lawsuit.  When Plaintiffs *first sued* Ford (and multiple other Defendants) on December 12, 2017, in the Superior Court of Clay County, Georgia, their complaint was timely, having been filed within two years of the automobile accident.  *See* O.C.G.A. § 9-3-33.  The Complaint filed in this Court on March 23, 2022 however is untimely on its face, having been recommenced *over four years from the date of the accident*.  Plaintiffs essentially concede these facts. (Doc. 1 at 1-2).

To avoid summary dismissal, Plaintiffs allege that this action is nonetheless timely, because it was refiled as allowed by Georgia's Renewal Statute, which states, in part:

> [w]hen any case has been commenced ... within the applicable *statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal*, whichever is later ... provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

O.C.G.A. § 9-2-61(a) ("Georgia's Renewal Statute") (emphasis added).

When a renewal action is filed *after the statute of limitations has run,* such as here, a plaintiff is required "to show entitlement to file a renewal suit and that he followed the proper procedure to file a renewal suit." *Whitesell v. Ga. Power Co.*, 341 Ga. App. 279, 281, 800 S.E.2d 370, 371 (2017). Again, Plaintiffs essentially concede this to be the rule of law, next alleging that they "voluntarily dismissed the prior action against Ford without prejudice pursuant to O.C.G.A. § 9-1-41 on March 15, 2022," and that they are "refiling this matter within six (6) months of the dismissal of any prior Defendant in this matter." (Doc. 1 at 1). They add that "no Court previously adjudicated the merits of the prior action *against Ford prior to Plaintiffs' dismissal* in the prior action in Clay County, Georgia." *Id.* at 2 (emphasis added). But that is neither pertinent to the correct rule of law nor a full recitation of the material facts. Key events are omitted, including the fact that Plaintiffs only exercised their right to dismiss after they had tested the waters. It was not until they were served with an order granting summary judgment and dismissing their claims against another Defendant in the Clay County lawsuit, did Plaintiffs voluntarily dismiss *all their claims* in hopes of refiling in a more favorable venue. But at that point, it was too late.

## **CHRONOLOGY**

On May 14, 2017, a single vehicle car accident occurred that resulted in the death of Jalin Lawson and injuries to Jullia Morris.  On December 12, 2017, Plaintiffs filed a lawsuit in Superior Court of Clay County, Georgia against Ford, Goodyear Tire & Rubber Company ("Goodyear"), Farmer's Tire Center, LLC ("Farmers"), and Eddie Christian alleging that the defendants jointly caused the death and injuries in the May 14, 2017 car accident ("Clay County Case"). The Clay County Case was set for trial to start March 28, 2022.  Ford, Goodyear, Farmers and Eddie Christian all moved for summary judgment and the Superior Court heard those motions on March 2, 2022.

On March 11, 2022 (approximately two weeks prior to trial), the Superior Court of Clay County entered and filed a formal order granting Goodyear's motion for summary judgment, ruling that Judgment be entered in favor of Goodyear and against Plaintiffs on all counts. Exhibit A.  The order was served on all parties on March 14, 8:22 a.m., via an automatic email from PeachCourt e-filing system. Exhibit B.  Plaintiffs had actual knowledge of the order granting summary judgment to Goodyear as at least 12 members of Plaintiffs' legal team were recipients of the email, the text of which states that the filing is an "ORDER GRANTING DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION FOR SUMMARY JUDGMENT." The next day, on March 15, 2022, Plaintiffs filed a Voluntary Dismissal Without Prejudice, as to all defendants.  Plaintiffs then on March 16, 2022, filed an Amended Notice of Voluntary Dismissal Without Prejudice, reiterating their intent to dismiss all claims against all Defendants. On March 23, 2022, Plaintiffs refiled their Complaint in this Court, but only against Ford. [Doc. 1].  Those are the relevant facts, none of which are in dispute.

The question raised in this Motion to Dismiss is whether Plaintiffs can rely on Georgia's Renewal Statute to save their claims from being barred by the applicable two-year statute of limitations.  Absent tolling under Georgia's Renewal Statute, the claims on the face of their Complaint are barred as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    Rule 12(b)(6) Allows for The Dismissal of a Complaint Based Upon Limitations

A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted); Fed. R. Civ. P. 12(b)(6). Georgia's statute of limitations for personal injury actions mandates that "[a]ctions for injuries to the person ... be brought within two years after the right of action accrues." O.C.G.A. § 9–3–33 (1982).

 In addition to the four corners of the complaint and documents attached thereto, in ruling on a motion under Rule 12(b)(6) this Court may consider "documents incorporated by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).  A document is incorporated by reference if it "is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (*citing Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).  A document is undisputed if the parties do not challenge its contents. *Horsley*, 304 F.3d at 1134. If a document is incorporated by reference, it does not have to be physically attached to the complaint for the Court to consider it without converting the motion to dismiss into one for summary judgment. *See Day*, 400 F.3d at 1276. Exhibits A and B are central to Plaintiffs claim of protection under Georgia's Renewal Statute, and neither are in dispute.

4

"A motion for a judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted." *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir. 1962)(citations omitted); *see also Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) ("'[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred' because '[a] statute of limitations bar is an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.' In other words, '[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.'") (citations omitted).

Under the undisputed facts, Plaintiffs waited too long to exercise their right to voluntarily dismiss their claims in Clay County and refile under Georgia's Renewal Statute.

**B.**     **Judicially Recognized Exceptions Limit When a Plaintiff Can Voluntarily Dismiss an Action and Refile under Protection of the Renewal Statute.**

Generally, a Georgia plaintiff may voluntarily dismiss a case at any time before the first witness is sworn. O.C.G.A. § 9-11-41(a).[1]  However, the right to dismiss *may not* be exercised after a verdict or an equivalent finding by the court.  *See Guillebeau v. Yeargin*, 254 Ga. 490, 491(1), 330 S.E.2d 585 (1985) (grant of summary judgment to one of three defendants after a year of litigation "is a 'verdict', for purposes of the dismissal statute"); *see also Lakes v. Marriott Corp.*, 264 Ga. 475, 476-477, 448 S.E.2d 203 (1994) (the right of voluntary dismissal has always been

---

[1] Effective July 1, 2003, an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the first witness is sworn; or by filing a stipulation of dismissal signed by all parties who have appeared in the action.

subject to a judicially created limitation prohibiting its exercise, even prior to trial, where there has already been an announcement by the court of its intention to rule in favor of the defendant).

The legal principle at the foundation of that limitation is that "after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not [*sic*], by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained." *Guillebeau*, 254 Ga. at 491(1) (quoting *Peoples Bank of Talbotton v. Exch. Bank of Macon*, 119 Ga. 366, 368 (1904)). "[T]he principle applies even if the decision is on the merits of only one of the claims involved in the case." *Dillard Lane Investments, LLC v. Fulton County*, 295 Ga. 515, 521(2)(b), 761 S.E.2d 282, 287 (2014).

In *Guillebeau*, Guillebeau, as executor of Smith's estate, filed suit in Elbert County, Georgia against a real estate broker (Yeargin), his assistant (Dove), and the subsequent purchaser of certain property (Albertson) to set aside the conveyance of the property. Yeargin and Dove both filed motions for summary judgment which were denied. Albertson moved for summary judgment, albeit later, claiming he was a bona fide purchaser of the property. During the hearing on that motion, the trial court indicated Albertson's motion would likely be granted. And indeed, Albertson's motion was granted, "by formal order several weeks later." 254 Ga. at 491.

Three days after the hearing on Albertson's motion, the plaintiff Guillebeau voluntarily dismissed the action as to Yeargin and Dove and refiled against both in Oconee County. Yeargin and Dove responded by filing motions *in Elbert County* to (1) set aside the voluntary dismissal; (2) reinstate the case, and (3) grant their previous motions for summary judgment. The trial court granted all the motions. 254 Ga. at 491.

On appeal, the Georgia Supreme Court held that the trial court's announcement of its ruling on Albertson's motion for summary judgment was a "verdict" for purposes of O.C.G.A. § 9-11-

6

41. Because Guillebeau's complaint linked Albertson with Yeargin and Dove regarding the same transaction, the trial court's announcement of "summary judgment in favor of Albertson permanently affected the course of the litigation." *Id.* at 492. "The effect of such an announcement, equivalent to a verdict, cannot be circumvented by the dismissal of the lawsuit, even though the later complaint fails to join the party to whom judgment was granted." *Id.*

What occurred in *Guillebeau* is what occurred here. Plaintiffs filed the Clay County Case against multiple defendants, including Ford, stating that they jointly caused their harm. On May 14, 2017, Jalin Lawson was driving a seventeen-year-old 2001 Sport Trac and Jullia Morris his front passenger. While traveling between 69-84 mph, the rear passenger tire failed. Jalin responded to that event by overcorrecting, causing his vehicle to leave the roadway where it rolled some 6 1/2 times over some 285 feet. The tire that failed should not have been on the vehicle. The tire was sixteen years old. Even certain tire manufacturers recommend that a tire ten years old be removed from service, irrespective of wear.

Plaintiffs' blamed Jalin's grandfather who gave the car to Jalin for not researching and removing the tire. They faulted Farmer's for installing it on the vehicle, knowing it was sixteen years old. They faulted Goodyear for alleged defects in the tire that caused it to fail. And they faulted Ford for the Explorer's handling design and roof strength as well as not warning about older tires. All of those actions allegedly caused Jalin's death and the injuries to Jullia Morris.

Like Yeargin and Dove, Ford's motion for summary judgment was denied. And like Albertson, Goodyear's motion for summary judgment was granted. Plaintiffs variously blamed Goodyear, Ford, Farmers and Eddie Christian for causing the death of Jalin Lawson and injuries to Jullia Morris. Each named Defendant denied liability, but in the alternative faulted the other for the accident and injuries, exercising their respective rights under Georgia law to assert comparative

7

fault.  The summary judgment in favor of Goodyear permanently affected the course of the litigation as to Ford, just as in *Guillebeau*.  It was the same occurrence or to use the *Guillebeau* terminology, it was the same transaction.  There was one death and one set of injuries, both stemming from the same accident.

The fact that Plaintiffs have elected to not sue Goodyear in this Court is as irrelevant here, as it was in *Guillebeau.*  Once summary judgment for Goodyear was announced, Plaintiffs lost all right to voluntarily dismiss the Clay County Case and refile under the renewal statute, just like *Guillebeau.*

Whether Plaintiffs could voluntarily dismiss the Clay County Case and refile in any court, relying upon the Georgia's Renewal Statute, is a matter of Georgia law.  *Guillebeau* holds they cannot.

### C.     Because Plaintiffs Did Not Timely and Correctly Exercise Their Rights to Voluntarily Dismiss Their Claims in Clay County, the Refiled Claims Here are Barred by Limitations

A voluntary dismissal under O.C.G.A. § 9-11-41(a) is a matter of right and terminates the action. *See Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622(1)(b), 639 S.E.2d 570 (2006); *see also Mitchell v. Wyatt*, 192 Ga. App. 127, 129(1), 384 S.E.2d 227 (1989) ("[s]uch a voluntary dismissal terminates the action").  Plaintiffs admittedly exercised that right.  Plaintiffs cannot return to Superior Court of Clay County to revive the Clay County Case.  The time to do so has passed.  Because Plaintiffs did not timely and correctly exercise their right to voluntarily dismiss their claims in the Clay County action, they lost any protection under the Georgia's Renewal Statute. Their claims in this Court, reflected in the Complaint they filed, [Doc. 1] are barred by the statute of limitations and should be dismissed with prejudice.

**D.      In the alternative, preservation of waivable defenses**

If this Court denies this motion to dismiss, Ford preserves its defense that venue is improper, or in the alternative, inconvenient.  The Complaint allegations (Doc. 1 at 2-3) do not support Plaintiffs' subsequent statement that venue is proper in this judicial district because "Ford is considered a resident of this judicial district subject to the Court's personal jurisdiction" Ford further reserves the right to challenge whether venue is convenient in this district and division. 28 U.S.C. § 1404(a).

FOR THE REASONS STATED, Defendant Ford Motor Company prays that this motion be granted and that the above-styled case be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) or without prejudice under Fed. R. Civ. P. 12(b)(3).

Respectfully submitted this 25th day of May, 2022.

WATSON SPENCE, LLP

*/s/ Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798
Erika J. Harris
Georgia Bar No. 483730
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia 30309
Telephone: (229) 436-1545
mboorman@watsonspence.com
eharris@watsonspence.com
*Attorneys for Defendant*
*Ford Motor Company*

9

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christopher D. Glover
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
2839 Paces Ferry Road SE
Suite 400
Atlanta, Georgia 30339
chris.glover@beasleyallen.com

J. Greg Allen
Stephanie Monplaisir
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103
greg.allen@beasleyallen.com
stephanie.monplaisir@beasleyallen.com

L. Shane Seaborn
Charles Hudson
PENN & SEABORN, LLC
1442 South Eufaula Avenue
Eufaula, Alabama 36027
sseaborn1@yahoo.com
hudsoncharles39@yahoo.com

Jesse G. Bowles, III
BOWLES & BOWLES
P.O. Drawer 99
Cuthbert, Georgia 31740
bowles3@windstream.net

This 25th day of May, 2022.

                                     **/s/ Michael R. Boorman**
                                     Michael R. Boorman
                                     Georgia Bar No. 067798