IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FELICIA CHRISTIAN, *individually*   *
*and as administrator of the*
*Estate of Jalin Terrell Lawson,*   *
and JULIA ALEXANDRIA MORRIS,
                                    *
        Plaintiffs,
                                    *      CASE NO. 4:22-CV-62 (CDL)
vs.
                                    *
FORD MOTOR COMPANY,
                                    *
        Defendant.
                                    *
─────────────────────────────

ORDER

Defendant seeks to dismiss this action with prejudice based upon the statute of limitations.  Because Plaintiffs complied with the Georgia Renewal Statute, O.C.G.A. § 9-2-61, Defendant's motion (ECF No. 8) is denied.

The facts relevant to the pending motion to dismiss are undisputed.  Before filing this present action, Plaintiffs filed a timely action in the Superior Court of Clay County, Georgia against the Defendant in this action and several other defendants.  After the Clay County trial judge granted summary judgment to one of the defendants in that state action but before any witnesses had been sworn, Plaintiffs voluntarily dismissed without prejudice that action as to the remaining defendants, including the Defendant in this present action,

pursuant to O.C.G.A. § 9-11-41(a).  Defendant has not sought to set aside that dismissal, and no motion to set it aside was ever presented to the state court for resolution.  In fact, Defendant agrees that Plaintiffs properly dismissed the state court action without prejudice as to Defendant pursuant to O.C.G.A. § 9-11-41.  Def.'s Reply 1, ECF No. 14.

Within a week after filing this dismissal, Plaintiffs filed the present action in this court naming only the present Defendant.  The claims asserted against Defendant here are the same claims asserted in the Clay County Superior Court action. Prior to filing this action, Plaintiffs first paid the court costs of the previously dismissed action as required by O.C.G.A. §§ 9-2-61(a) and 9-11-41(d).

The Georgia legislature clearly stated the requirements for recommencing an action that has previously been voluntarily dismissed.  The statute states:  "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action. . . ." O.C.G.A. § 9-2-61(a).  It is undisputed that (1) the case

against this Defendant was commenced in state court within the applicable statute of limitations; (2) that state court action was voluntarily dismissed by Plaintiffs pursuant to O.C.G.A. § 9-11-41(a); (3) this federal action was commenced within six months after that voluntary dismissal; and (4) the court costs of the prior action were paid prior to the commencement of this action.

Based on a plain reading of the unambiguous statutory language, it is clear that Plaintiffs have complied with the precise terms of the statute, and their claims are not barred by the applicable statute of limitations. Defendant's lawyers, however, have latched on to a case that rests more upon notions of policy than statutory interpretation in support of their contention that Georgia law does not authorize the recommencement of an action pursuant to § 9-2-61(a) when a co-defendant in the prior state action was granted summary judgment prior to Plaintiff's voluntary dismissal of the other defendants. As explained in the following discussion, the facts and holding of that case are distinguishable from the present action and its rationale is wholly unpersuasive.

In *Guillebeau v. Yeargin,* 330 S.E.2d 585 (Ga. 1985), a real estate broker and his sales associate allegedly defrauded an elderly and mentally compromised property owner to sell her property to them for substantially inadequate consideration,

which they then immediately re-sold for a substantial gain to a third party. The representative of the seller's estate sued the broker, the sales associate, and the third-party purchaser in Elbert County Superior Court to cancel the deed. The plaintiff subsequently filed a motion to join as defendants the individual attorney who handled the closing and his law firm. The trial court eventually granted the third-party purchaser's motion for summary judgment based on his argument that he was a bona-fide purchaser without notice of the fraud. The court also informed the parties that it was not disposed to grant the plaintiff's motion to join the closing lawyer and his law firm. Three days later, the plaintiff voluntarily dismissed the action as to the remaining defendants (the broker and his sales associate) and re-filed a complaint in Oconee County Superior Court against both of them plus the attorney and his law firm.

The broker and his sales associate filed motions in the Elbert County Superior Court to set aside the voluntary dismissal, to reinstate the case, and to grant their prior motions for summary judgment, all of which the court did. The plaintiff appealed, and the first issue before the Georgia Supreme Court was whether the trial court had properly set aside the voluntary dismissal of the Elbert County action. Purporting to interpret O.C.G.A. § 9-11-41(a), Justice Weltner, rather than simply interpreting the plain and unambiguous language of the

statute, relied upon authority dating back to 1904 and found the dismissal ineffective.  He noted that the version of the statute in effect at that time provided that "an action may be dismissed by the plaintiff, without order of the court, by filing a written notice of dismissal at any time before verdict." *Id.* at 586.  And he explained, relying in part upon turn-of-the-20th century authority, that "a plaintiff's right to dismiss cannot be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached." *Id.*  The rationale for this principle is that a litigant who knows he has lost should not be permitted to deprive the opposite party of the victory. *Id.*  Then Justice Weltner arguably extended this principle by concluding that the announcement by the trial court granting the third-party purchaser's motion for summary judgment was "equivalent to a verdict" for purposes of the dismissal statute, even though no ruling had yet been issued as to the claims against the other defendants (the broker and his associate). *Id.* Justice Weltner reasoned that the entire transaction was allegedly fraudulent, that the summary judgment for the third-party bona fide purchaser "permanently affected the course of the litigation" as to all the parties, and that the "verdict" should not be "circumvented by the dismissal of the lawsuit." In support of his rationale, Justice Weltner resorted to public policy, stating that his "ruling comports with principles of

judicial economy, and…with securing the just, speedy and inexpensive determination of every action." *Id* at 587.

The Court split sharply, with three of the seven participating justices dissenting. Justice Gregory, writing for the three dissenters, noted the obvious--the dismissal by plaintiff occurred at a time before verdict. And then he astutely observed, "Whether this is a good rule or a bad rule, it is what the legislature has provided in O.C.G.A. § 9-11-41(a). The result reached in the majority opinion can only be attained by abolition of the rule, a matter for the General Assembly." *Id.*

Like the observation by the dissent in *Guillebeau,* this Court finds that the language of the current version of O.C.G.A. § 9-11-41(a) is clear and unambiguous.[1] The dismissal of the Clay County action was filed prior to the first witness being sworn. Thus, it was effective. It is curious that Defendant relies almost exclusively on *Guillebeau,* yet it concedes in its reply brief that the action was properly dismissed without prejudice pursuant to O.C.G.A. § 9-11-41(a). Def.'s Reply 1. Furthermore, O.C.G.A. § 9-2-61(a), the actual renewal statute,

---

[1] The current version of § 9-11-41(a) reads, in relevant part, that "an action may be dismissed by the plaintiff, without order or permission of the court[, b]y filing a written notice of dismissal at any time before *the first witness is sworn."* O.C.G.A. § 9-11-41(a)(1)(A). The legislature amended the statute sometime after *Guillebeau* was decided by changing "verdict" to "first witness is sworn."

is also clear and unambiguous.  And the undisputed facts establish that Plaintiffs complied with the statute.

For the sake of completeness, however, the Court finds it appropriate to distinguish *Guillebeau*.  First, as previously explained, the majority opinion in *Guillebeau* was based on an interpretation of the term "verdict" which was found in the prior version of the statute but was replaced with "first witness sworn" in the current version.  Thus, the Court was not even interpreting the same statutory language as this Court is required to do here.  "Verdict" and "first person sworn" are clearly not synonymous, or quite frankly, even similar.  Second, the procedural posture of the case in *Guillebeau* was different than the posture here.  There, the issue was whether the voluntary dismissal under § 9-11-41(a) should be set aside.  The issue here is whether Plaintiffs complied with § 9-2-61(a). Third, the dismissal in *Guillebeau* was filed after the plaintiff learned that they would not be permitted to join the additional defendants.  Thus, Justice Weltner may have felt they were trying to game the system by seeking another venue where they would be allowed to join those defendants.  Here, the state court ruled in the Plaintiffs' favor on summary judgment as to the Defendant they sued in this Court.  Lastly, the factual basis for the claims is different.  In *Guillebeau*, Justice Weltner placed great weight upon his conclusion that the claims

were closely connected and dependent upon each other, likely because the primary remedy sought was the cancellation of the fraudulently procured deed which would affect all of the parties there.  Here, the claims against Defendant are distinctly different from the claims against the dismissed defendants. They are not closely connected or interdependent.  For all of these reasons, the Court finds *Guillebeau* distinguishable from the present action.

Because Plaintiffs have complied with all the requirements of O.C.G.A. § 9-2-61(a), they were entitled to recommence their action in this Court, and their claims asserted in this action are not barred by the statute of limitations.  Accordingly, Defendants' motion to dismiss (ECF No. 8) is denied.  The Court is not clear whether Defendant is actually seeking a change of venue or simply reserving the right to seek one.  If Defendant seeks a change of venue, it shall file a motion clearly stating the basis for it and the evidence supporting it within 21 days of today's order.  The Clerk shall issue a Rules 16/26 Order.

IT IS SO ORDERED, this 9th day of November, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA