```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

FELICIA CHRISTIAN, *et al.*,   *

    Plaintiffs,   *

vs.   *

                                    CASE NO. 4:22-CV-62 (CDL)

FORD MOTOR COMPANY,   *

    Defendant.   *

O R D E R

Presently pending before the Court is Plaintiffs' motion to strike Ford Motor Company's notice of non-party fault (ECF No. 60). As discussed below, the Court grants the motion to the extent set forth below.

DISCUSSION

This action arises from a rollover crash of a 2001 P207 Ford Explorer Sport Trac, which was manufactured by Ford Motor Company. The vehicle belonged to Eddie Christian. In 2016, Eddie had Farmer's Tire Center mount three new tires on the Sport Trac, plus an old spare that looked new to him. According to Plaintiffs, Farmer's knew that the old spare should not be used because of its age, but it mounted the tire to the Sport Trac anyway. In 2017, Eddie loaned the vehicle to his grandson, Jalin Lawson. While Jalin was driving, the right rear tire (the old spare) separated, Jalin lost control of the vehicle, and the vehicle rolled over

four times before coming to rest on its roof. Jalin was killed in the crash, and his passenger, Jullia Morris, was injured. Morris and Jalin's mother, Felicia Christian, brought a strict liability and negligence action against Ford, Goodyear, Farmer's, and Eddie in the Superior Court of Clay County on December 12, 2017 and served Ford on December 19, 2017. The Clay County court granted summary judgment in favor of Goodyear and denied Ford's summary judgment motion. Plaintiffs dismissed that action without prejudice under O.C.G.A. § 9-11-41(a). They reached a settlement with Farmer's. There was no settlement with Eddie. Plaintiffs timely filed this renewal action against Ford only on March 23, 2022, asserting claims for negligent design and failure to warn.

Ford filed a notice of non-party fault giving notice that it seeks to have the jury consider the fault of Eddie and Farmer's under Georgia's apportionment statute, O.C.G.A. § 51-12-33. Ford argues that if the jury determines that Farmer's and/or Eddie were partially at fault for Plaintiffs' injuries, then Ford's liability should be limited to its percentage of fault under O.C.G.A. § 51-12-33(b). Plaintiffs contend that because this is a single-defendant case, O.C.G.A. § 51-12-33(b) does not apply.

In a nutshell, Georgia's apportionment statute supplants the common-law rules on contribution and apportionment. The current version of the apportionment statute applies to actions "brought against one or more persons for injury to person or property," and

2

it requires the trier of fact to determine the percentage of fault of the defendant, as well as any nonparties with whom the plaintiff reached a settlement or for whom the defendant party gave notice of fault.  O.C.G.A. § 51-12-33(b) (eff. May 13, 2022) (requiring apportionment of damages award according to the percentage of fault of each person); *id.* § 51-12-33(c) (requiring the trier of fact, in assessing percentages of fault, to "consider the fault of all persons or entities who contributed to the alleged injury or damages," whether or not the person was or could have been named a party); *id.* § 51-12-33(d) (requiring consideration of a nonparty's fault if the plaintiff entered a settlement agreement with the nonparty or if the defendant gave notice of the nonparty's fault more than 120 days before trial).  Under O.C.G.A. § 51-12-33(b), a defendant's "fault" is the measure and limit of its liability, so if the jury finds a nonparty partially at fault, the damages awarded against the defendant are reduced to that defendant's percentage of fault.

Significantly, for cases like this one that were filed before May 13, 2022, the liability-limiting rule of O.C.G.A. § 51-12-33(b) does "not apply to tort actions brought against a single defendant," it only applies to actions "brought against more than one person."  *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295, 301 (Ga. 2021) (emphasizing that the "the General Assembly chose to exclude single-defendant cases from

3

apportionment among non-parties").[1]  Thus, there is "no grant of authority in the apportionment statute to reduce damages according to the percentage of fault allocated to a nonparty in a case with only one named defendant."  *Id.* at 300.

Plaintiffs contend that this action is a single-defendant action, so subsection (b) does not apply.  Ford argues that because this action is a renewal action, it is a continuation of the Clay County action, in which Plaintiffs named Farmer's and Eddie as Defendants.  Thus, Ford contends, this action was brought against more than one defendant.  Under O.C.G.A. § 9-11-41(a), a plaintiff may dismiss an action, and a first dismissal under O.C.G.A. § 9-11-41(a) is without prejudice.  The Georgia renewal statue allows a voluntarily dismissed action to "be recommenced" and considered timely even if the dismissal occurs after expiration of the limitation period, as long as the renewal action is filed within the timeframe established in the renewal statute.  O.C.G.A. § 9-2-61(a).  According to the Georgia Supreme Court, a "voluntary dismissal terminates the action completely," and a renewal action "is an action *de novo*."  *Wright v. Robinson*, 426 S.E.2d 870, 872 (Ga. 1993) (quoting *Adams v. Gluckman*, 359 S.E.2d 710, 711 (Ga. Ct. App. 1987)) (concluding that renewal action was not a

---

[1] The General Assembly changed the law in 2022 to state that O.C.G.A. § 51-12-33(b) applies to actions "brought against one or more persons." 2022 Georgia Laws Act 876 (H.B. 961).  The updated law applies to all cases filed after the Act's effective date of May 13, 2022.  *Id.*

4

continuation of the prior case for purposes of the statute of repose). And the Georgia Court of Appeals has repeatedly stated that an action "renewed under O.C.G.A. § 9-2-61(a) is an action *de novo*," not a continuation of the original action; after all, to revive a claim, the plaintiff must file a new complaint and serve it on the defendant anew. *Carr v. Yim*, 893 S.E.2d 801, 805 (Ga. Ct. App. 2023) (quoting *Giles v. State Farm Mut. Ins.*, 765 S.E.2d 413, 419 (Ga. Ct. App. 2014)). So, following a voluntary dismissal, the "situation [is] the same as if the suit had never been brought in the first place." *Gallagher v. Fiderion Grp., LLC*, 685 S.E.2d 387, 389 (Ga. Ct. App. 2009) (quoting *Smith v. Mem'l Med. Ctr.*, 430 S.E.2d 57, 59 (Ga. Ct. App. 1993)).[2]

For these reasons, the present action is a new, single-defendant action, so subsection (b) cannot apply to reduce Ford's damages based on a nonparty's fault. And, given that there is no authority to reduce damages according to a nonparty's fault, there

---

[2] Ford nonetheless argues that Plaintiffs' voluntary dismissal of the prior action under O.C.G.A. § 9-11-41(a) did not really end that action. In support of this argument, Ford relies on cases addressing the window of opportunity for seeking attorney's fees under O.C.G.A. § 9-15-14. These cases establish: (1) for purposes of asserting a claim for attorney's fees under O.C.G.A. § 9-15-14 based on frivolous claims or defenses, "final disposition" of an action does not occur while the action can still be renewed and (2) dismissal of an action and filing of a renewal action does not divest the original action's trial court of jurisdiction to hear a motion under O.C.G.A. § 9-15-14. *Hart v. Redmond Reg'l Med. Ctr.*, 686 S.E.2d 130, 132 (Ga. Ct. App. 2009); *Harris v. Werner*, 628 S.E.2d 230, 232 (Ga. Ct. App. 2006); *Meister v. Brock*, 602 S.E.2d 867, 869 (Ga. Ct. App. 2004). These cases do not abrogate the well-established rule that a renewal action is not a continuation of the original action.

is no need for the jury to be asked to apportion fault to nonparties. For all these reasons, Plaintiffs' motion to strike the notice of nonparty fault (ECF No. 60) is granted to the extent that the jury will not be asked to apportion fault to any nonparties, and any damages awarded against Ford shall not be reduced based on a nonparty's fault.[3]

IT IS SO ORDERED, this 21st day of December, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] In its response brief, Ford makes an alternative argument that it is entitled to discover facts regarding the settlement between Felicia Christian and Farmer's so that it may seek set-off on Felicia Christian's wrongful death claim. The Court construes this argument to be in the nature of a motion to compel, but there is no certification that the parties conferred in good faith to resolve their disputes about disclosure of the settlement information, so any motion is premature. To the extent that Ford requests an advisory opinion that it is entitled to a set-off defense, the request is denied; Ford did not seek summary judgment on this issue, and the Court cannot tell from the present briefing and the present record whether there might be a basis for set-off following the jury's verdict.