```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

FELICIA CHRISTIAN, *et al.*,           *

    Plaintiffs,                  *

vs.                                    *

                                       CASE NO. 4:22-CV-62 (CDL)

FORD MOTOR COMPANY,                    *

    Defendant.                   *

O R D E R

Presently pending before the Court is Defendant's motion in limine number 2 (ECF No. 73).[1] As discussed below, that motion is denied in part and deferred in part. Also pending before the Court is Plaintiffs' objections to Defendant's "may call" witnesses Michael Leigh and Chris Eikey. For the reasons sot forth below, the objections are overruled to the extent set forth in this Order.[2]

DISCUSSION

**I.  Ford's Motion in Limine No. 2 (ECF No. 73)**

Defendant seeks a ruling in advance of trial that its net worth, wealth, and profits shall be inadmissible under all

---

[1] On March 4, 2024, Defendant filed a "trial brief" on the issue of punitive damages, which is essentially an untimely reply brief in support of motion in limine number 2. The Court nonetheless reviewed the brief.
[2] Plaintiffs' response to one of Defendant's trial briefs included a request to strike an affidavit of Michael Leigh that was submitted with the trial brief. That motion (ECF No. 117) is terminated. So are the rest of the motions in limine; as the Court indicated during the pretrial conference, those motions are all deferred, and counsel will need to object at trial.

circumstances. Some of Defendant's arguments are clearly unsupported by existing law, and other arguments depend upon the context and purpose for which the evidence is offered at trial which the Court cannot predict at this stage of the proceedings. The Court explains its ruling to the extent feasible, but for arguments not specifically addressed in today's order, Defendant should raise the objections at trial so that the Court may consider them in the context of the record at that time and the purpose for which the evidence is tendered.

Defendant seems to acknowledge, as it must, that one of the primary purposes of punitive damages is to punish a Defendant for its misconduct and to deter a Defendant from repeating it. As Defendant acknowledges in its briefing, the Georgia Supreme Court has specifically explained that a Defendant's financial condition is a relevant consideration for a jury to determine the amount necessary to effectively punish and deter a Defendant's misconduct. *See* Def.'s Mot. in Limine No. 2 at 7, ECF No. 73 (citing *Wilson v. McLendon*, 166 S.E.2d 345, 346 (Ga. 1969), where the Georgia Supreme Court concluded that now-superseded version of Georgia's old punitive damages law, which allowed consideration of the parties' worldly circumstances, did not violate the Equal Protection Clause, noting that "even a small amount of damages would be adequate punishment for a very poor man, whereas it would require the assessment of a much larger sum to be any punishment

2

for a very wealthy man"). The Georgia pattern jury charges and the federal pattern charges say as much. Georgia Suggested Pattern Jury Instructions - Civil § 66.750 (citing *Hosp. Auth. of Gwinnett Cnty. v. Jones*, 386 S.E.2d 120, 124 n.13 (Ga. 1989), *vacated and remanded on other grounds*, 499 U.S. 914 (1991) (mem.).

Thus, it appears that Defendant makes this argument to preserve it for appeal, hoping that it can convince the United States Supreme Court that evidence of a defendant's financial condition for determining the amount of punitive damages somehow denies a Defendant of constitutional due process. This Court, however, must give proper deference to Georgia law, which clearly holds that such evidence is relevant and admissible, unless the application of that law results in a violation of constitutional protections owed to the Defendant. Defendant has cited no authority standing for the principle that allowing the consideration of Defendant's financial condition would violate Defendant's constitutional rights. To make such a finding would not only be unsupported by binding precedent but would have the effect of eviscerating one of the primary purposes of punitive damages in civil cases. The concept of proportional justice has been consistently applied in the state of Georgia, within this Circuit, and accepted by the U.S. Supreme Court. *See, e.g., TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 (1993) (finding that punitive damages award was not unconstitutional in light of

3

several factors, including "the bad faith of petitioner, the fact that the scheme employed in this case was part of a larger pattern of fraud, trickery and deceit, *and petitioner's wealth*") (emphasis added); *id.* at 462 n.28 ("Under well-settled law . . . factors such as [the tortfeasor's net worth] are typically considered in assessing punitive damages.").

It is common sense that the amount of a civil penalty may impact a wrongdoer (and thus his conduct) differently depending upon the wealth of that wrongdoer. The Court cannot find that our Constitution prohibits state legislatures from adopting statutes with this underlying purpose which take into consideration notions of basic human behavior. Therefore, to the extent that Defendant broadly seeks to exclude evidence of Defendant's financial condition for the purpose of allowing the jury to consider what amount of punitive damages is necessary and appropriate to punish and deter the Defendant, the motion is denied.

Defendant also objects to Plaintiffs' potential method for providing the jury with a way to calculate the amount of the punitive damages award. Relying upon *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), Defendant argues that Plaintiffs should not be allowed to craft an argument that would permit the jury to punish Defendant for misconduct other than the misconduct that is the basis of the present action. The Court cannot predict in advance counsel's closing argument. But

the Court expects counsel to be familiar with *Campbell* and not present argument that would have the effect of punishing Defendant for conduct other than the alleged misconduct in this action. *Cf. Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (emphasizing that the Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts on nonparties").[3]

In *Campbell*, the insureds sued their insurer for bad faith failure to settle claims against them within the insured's policy limits. The trial court admitted (and the Utah appellate courts affirmed) evidence of the insurer's claims review policy and instances of out-of-state conduct that was "lawful where it occurred," even if the conduct had nothing to do with third-party automobile insurance claims like the one against the *Campbell* insureds. The Supreme Court concluded that the Utah courts erred in admitting and relying on such evidence of "conduct that bore no relation" to the insureds' harm because a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Campbell*, 538

---

[3] In *Williams*, a negligence and deceit action brought by the widow of a heavy smoker against a tobacco company, the plaintiff's counsel told the jury to think about how many other people would die from smoking cigarettes. *Williams*, 549 U.S. at 350. The trial court refused to instruct the jury that it could not punish the defendant for the impact of its alleged misconduct on others. The Supreme Court concluded that this decision was error because of the state courts' obligation to protect against an unreasonable and unnecessary risk that the jury might punish a defendant for causing injury to others. *Id.* at 357.

U.S. at 422. The Court does not interpret this holding to prohibit here any mention of sales of the subject vehicle within the state of Georgia or outside the state of Georgia *for any purpose*. Rather, *Campbell* is anchored to the principle that Defendant should not be punished for lawful conduct or conduct that is not related to the harm suffered by the plaintiffs.[4] If Defendant believes that Plaintiff's counsel crosses that line, then counsel shall object at the appropriate time during trial.

Defendant also seeks to exclude evidence related to its financial condition even if it may be used for some purpose other than punitive damages. The Court can conceive of ways that such evidence may be admissible as well as circumstances under which it would not be admissible. The Court cannot at this time predict the circumstances under which the evidence will be tendered, and thus an advisory opinion would be based on sheer speculation. Accordingly, Defendant shall object at the time the evidence is tendered, and the Court will make its ruling at that time when it has a full understanding of the context and purpose for which the evidence is being tendered.

---

[4] Although "other acts need not be identical to have relevance in the calculation of punitive damages," they may not be dissimilar. *Campbell*, 538 U.S. at 423 (noting that practices related to underpaying first-party claims and certain employment practices "had nothing to do with a third-party lawsuit" like the one at issue in *Campbell*).

6

**II.  Plaintiffs' Motion to Strike (ECF No. 117)**

Plaintiffs object to two of Defendant's "may call" witnesses, Michael Leigh and Chris Eikey.  Leigh and Eikey are automotive engineers in Defendant's automotive safety office.  In its initial disclosures, Defendant listed both Leigh and Eikey as case-specific witnesses who may have information about the design and warnings for the subject vehicle.  Accordingly, there was no failure to disclose these witnesses and no reason to exclude them from testifying at trial under Federal Rule of Civil Procedure 37(c)(1).  To the extent that Plaintiffs' objections are based on a complete failure to disclose, those objections are overruled because both witnesses were disclosed as potential fact witnesses.

Plaintiffs assert that Defendant intends to elicit expert opinion testimony from Leigh and Eikey and that such testimony should be prohibited because Defendant did not disclose either witness as an expert.[5]  Defendant responds that it does not intend to rely on Leigh or Eikey to provide expert opinion testimony under Federal Rule of Evidence 702.  Rather, Defendant contends that the

---

[5] Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702."  If a witness is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then the witness must provide a written expert report. Fed. R. Civ. P. 26(a)(2)(B).  If the witness is not required to provide a written report, a party seeking to use the witness as an expert must still provide a disclosure stating the subject matter of the witness's testimony and a summary of the witness's facts and opinions. Fed. R. Civ. P. 26(a)(2)(C).

7

witnesses may offer fact testimony regarding their direct, personal knowledge of the design process for the Sport Trac vehicle because they were both first-hand participants in that process. Such fact testimony shall be permitted.  Opinion testimony based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702, though, shall not be permitted. *See, e.g., Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 908 & n.9 (11th Cir. 2023) (explaining that a treating physician who is not disclosed as an expert may offer an observation about a patient's injury during treatment but may not offer an opinion about causation if that opinion is based on scientific, technical, or otherwise specialized knowledge). Plaintiffs should object at trial if Defendant attempts to elicit testimony that crosses the line from fact testimony to expert opinion testimony.

## CONCLUSION

As discussed above, Defendant's motion in limine number 2 (ECF No. 73) is denied in part and deferred in part.  Plaintiffs' objections to Defendant's "may call" witnesses Michael Lee and Chris Eikey are overruled to the extent set forth in this Order.

IT IS SO ORDERED, this 4th day of March, 2024.

> S/Clay D. Land
> ---
> CLAY D. LAND
> U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA